UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MITCHELL DINNERSTEIN,

    Plaintiff,

v.

USA, NJ, LT. GOVERNOR SHEILA Y. OLIVER, and ELIZABETH MAHER MUOIO,

    Defendants.

Civil Action No. 22-5193 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff Mitchell Dinnerstein's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-2), together with his Complaint against various Defendants, (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint.

**I.  BACKGROUND**

    The Court received Plaintiff's Complaint and *in forma pauperis* ("IFP") application on August 24, 2022. ("Compl.", ECF No. 1.)[1] Plaintiff's Complaint is based on allegations of discrimination and antisemitism by various government actors. (*Id.* at *2.)[2] The section of the Complaint indicating the "statement of claim" alleges that his claim is based on "every time a Government Agency refused to investigate, review, and show [him] equal protection of the law"

---

[1] The matter was transferred to the undersigned on May 15, 2023. (ECF No. 7.) The Court is also in receipt of Plaintiff's various motions and filings requesting a decision on his case and to have the matter "moved to the Supreme Court." (ECF Nos. 6–12.)

[2] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

and indicates the events giving rise to his claim occurred from "1964 to the present." (*Id.* at *3.) The Complaint includes an appended discussion of the history of antisemitism in Europe and Plaintiff's views on race, religion, and politics in the United States. (*Id.* at *4–7.) With respect to his own experiences, Plaintiff vaguely asserts that "Title 6 was used to take away [his] constitutional rights" and indicates that he complained to someone who did not listen to him. (*Id.* at *7.)

The Complaint states that many people are "not protected by the constitution. That is accomplished by perverting the equal rights [clause] of the 14th amendment from being enforced." (*Id.*) The Complaint requests the Court to read Plaintiff's correspondence with various parties and the dockets in several other referenced matters, none of which are substantively discussed. (*Id.* at *9–10.) Plaintiff also requests discovery to investigate his beliefs. (*Id.* at *11–12.) At the end of the Complaint is an attached one-page document entitled "Motion Question" that reads:

> I really can't start the case until I get the answer to this Question. And your answer may eliminate the need for me to bring this case. Question: Are Jewish People considered Protected Minorities in regard to Title 6 of the Civil Rights Act. And if it is a partial protection, what is the litmus test or instructions The Law provides to Government Agencies and Venders [sic] to determine who is covered by Title 6 and who is not.

(ECF No. 1-6.)

## II.  **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District

Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

The District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III.   DISCUSSION

#### A.   *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application here has established his inability to pay the filing fee, as the application shows Plaintiff has a no monthly income and financial assets worth only several thousand dollars but several thousand dollars in monthly expenses. (ECF No. 1-2.) Therefore, Plaintiff's IFP application is **GRANTED**.

#### B.   Complaint Screening

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James

3

Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's Complaint must be dismissed on constitutional grounds. Federal courts only have jurisdiction only over actual cases or controversies. U.S. Const. art. III § 2. Federal courts may not issue advisory opinions. *McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 215 (3d Cir. 1971). As the Third Circuit explained in *McCahill*:

> As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues "concrete legal issues, presented in actual cases, not abstractions" are requisite. This is as true of declaratory judgments as any other field.

*Id.* (citation omitted); *see also Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." (citation omitted)). Article III requires a plaintiff to establish standing to bring a claim, absent which the court lacks subject matter jurisdiction over a matter. Establishing Article III standing requires showing a (1) "concrete and particularized" and "actual or imminent" "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Whether viewed as an issue with Plaintiff's standing or sought relief, the Complaint's flaw is the same in that it fails to allege any facts establishing a live case or controversy for this Court to decide. *See Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) ("Courts

enforce the case-or-controversy requirement through several justiciability doctrines," which "include standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions."). The Complaint offers no explanation of Plaintiff's personal experience with the conduct complained of that shows a "concrete and particularized" and "actual or imminent" injury to him. *Lujan*, 504 U.S. at 560. The Complaint only generally asserts Plaintiff's deprivation of constitutional rights and evidence of discrimination allegedly evidenced in correspondence Plaintiff received from and actions taken by government actors. The Complaint does not allege what specific conduct is complained of, let alone how that conduct caused Plaintiff's injuries or how any remedy from this Court could redress those injuries. *Id.* at 561. Therefore, the Complaint fails to establish Plaintiff is "the right person to bring this claim." *Williamsport Hosp. v. Sec'y, United States Dep't of Health & Hum. Servs.*, 761 F. App'x 91, 95 (3d Cir. 2019) (citation omitted).

Essentially, Plaintiff seeks the Court to render an advisory opinion on a federal statute law. The "Motion Question" appended to Plaintiff's Complaint makes this clear in asking the Court to answer a threshold question of the Civil Rights Act's coverage. (ECF No. 1-6.) In the absence of any facts establishing Plaintiff's harm or interest in this matter, the Court lacks the constitutionally required "case" or "controversy" to sharpen the issues before deciding this statutory question. This is precisely the sort of situation in which a court is prohibited from issuing an opinion in the abstract about the meaning of a law. *See Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1155 (3d Cir. 1995) ("Without a concrete set of facts, the court cannot engage in its required fact-finding role and declare the parties' rights based on those facts. Without the necessary facts, the court is left to render an advisory opinion."). Therefore, Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

IT IS on this 4th day of March, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e);

3. The Clerk's Office is directed to **CLOSE** this matter;

4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint that corrects the deficiencies identified in this Memorandum Order;

5. If Plaintiff chooses not to file an amended complaint, this matter will be dismissed with prejudice;

6. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case;

7. The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

8. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**
